HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HECTOR L RESSY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>    Defendant. | CASE NO. C14-5693 RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[DKT. #12] |

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. #12] Plaintiff Ressy's Amended Complaint as barred by the 3 year limitations period applicable to his negligence and §1983 claims against them. Ressy concedes that the 3 year period applies, but disagrees on the math.

The incident which forms the basis for Ressy's claims occurred on September 4, 2011. Ressy claims (but has not demonstrated) he filed a state law pre-claim notice for his tort claims against the County on September 2, 2014. He filed his initial complaint (and an application to proceed *in forma pauperis*) in this Court the same day. Once Ressy's IFP application was finalized, it was denied, because he had named only eight "John Doe" defendants. He filed an amended complaint on November 12, 2014, naming the County and several individuals. The

defendants claim that the amended complaint does not "relate back" to the date of the initial complaint because naming a "John Doe" rather than an actual entity or person is not the sort of "mistake in identification" that would permit relation back.

Ressy claims that his negligence claim is timely because the state law pre-claim notice statute tolls the limitations period for the 60 day notice period, plus five additional days. He also asks the court to follow what he claims is "more persuasive" Third Circuit authority permitting relation back even where only a John Doe is named, if the Plaintiff was "mistaken" about the defendant's identity.

Ressy's negligence claim is time barred. 65 days from September 2, 2014 is November 5. Even if Ressy is entitled to not count the weekend days of November 1 and 2 in the 60 day calculation, and November 8 and 9 in the subsequent 5 day calculation, his amended complaint had to be filed no later than Monday, November 10, to be timely. It was not. The negligence claim is time-barred and is DISMISSED.

Ressy's §1983 claims are also untimely. As the Defendants persuasively argue, the better rule is that Ressy must show not only that the defendants had notice of his claim, but that they would have been named but for a mistake, and they knew it:

> Where a plaintiff wants to change the name of a party, in order to relate his amendment back to the date on which he filed his original complaint, the plaintiff must show that: (1) the claim against a newly added defendant(s) arose out of the conduct set forth (or attempted to be set forth) in the original complaint; (2) the newly added defendant(s) received notice of the action within 120 days of its institution in such a manner as not to be prejudiced by defending against its merits, and (3) the newly identified defendants knew or should have known that the action would have been brought against them, but for a mistake concerning his or her identity.

[Dkt. #12 at 6 (*citing Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir.2014).]. Ressy cannot establish any of these elements. He has not shown that the County and the individual defendants had notice, at all, and he did not even obtain summonses for them until

1  April of this year.  He has not filed any proof of service on any Defendant.  And, most

2  importantly, Ressy cannot show that any defendant knew or should have known that, but for

3  Ressy's mistake in naming them in the original case, they would have been named.  Ressy's

4  amended complaint does not relate back to the date of his initial filing.

5       Ressy's claims are time-barred as a matter of law and the Defendants' Motion to Dismiss

6  them is GRANTED.  The complaint is DISMISSED with prejudice.  If Ressy appeals, his *in*

7  *forma pauperis* status shall continue on appeal.

8  IT IS SO ORDERED.

9       Dated this 11th day of June, 2016.

                                                       */s/ Ronald B. Leighton*

                               RONALD B. LEIGHTON
                               UNITED STATES DISTRICT JUDGE